IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PRISCILLA RUCKER,

        Plaintiff,

v.                             CIVIL ACTION NO. 2:21-cv-00309

ENTERPRISE RENT-A-CAR COMPANY OF
KY, LLC, and ENTERPRISE HOLDINGS, INC.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendants' Motion to Set Aside Entry of Default and for Leave to Answer Complaint* (Document 10), the *Defendants' Memorandum of Law in Support of Motion to Set Aside Entry of Default and for Leave to Answer Complaint* (Document 11), the Plaintiff's *Response in Opposition to Defendants' Memorandum of Law in Support of Motion to Set Aside Entry of [Default] and Leave to Answer Complaint* (Document 12), and the *Defendants' Reply in Support of Motion to Set Aside Entry of Default* (Document 17), as well as all attached exhibits. For the reasons stated herein, the Court finds that the Defendants' motion to set aside the entry of default should be granted.

The Plaintiff filed her *Complaint* (Document 2) on May 20, 2021, alleging that she was injured when she fell on a camouflaged and unsafe change in elevation on a section of sidewalk on the Defendants' premises. She named as Defendants Enterprise Holdings, Inc., and Enterprise

1

Rent-a-Car Company of KY, LLC (collectively, Enterprise). The Defendants were served on July 30, 2021. The Plaintiff filed a motion for entry of default on September 16, 2021. (Documents 5 & 6.) The Clerk docketed the *Entry of Default 55(a)* (Document 8) on September 21, 2021. Counsel for the Defendants entered a notice of appearance on September 24, 2021, and filed the motion to set aside default on September 27, 2021.

Enterprise states that it uses a third-party claims processing service for claims handling and retention of outside counsel. The administrative assistant who received notice of the complaint inadvertently sent it to the wrong person, who did not acknowledge receipt or notify her of the error. Enterprise learned of the issue when the claims processer received a demand letter from the Plaintiff's counsel on September 22, 2021. It promptly investigated and retained counsel on September 24, 2021. It suggests that the Plaintiff's counsel should have reached out to its legal department upon filing the complaint or not receiving a response, rather than moving for entry of default. It argues that the Plaintiff would not be prejudiced by setting aside the entry of default, given the relatively brief delay, while it would be seriously prejudiced by proceeding to default judgment without the opportunity to present its defenses and receive a ruling on the merits.

The Plaintiff argues that she followed all normal procedures and objects to the suggestion that she bears any blame for the Defendants' failure to file a timely response. She contends that she "has been prejudiced since the time the claim was denied pre-suit." (Pl.'s Resp. at 4.) She argues that the Defendants cannot meet the criteria to set aside the entry of default because they cannot establish that they were not negligent in failing to paint the edge of the sidewalk where she tripped.

Under the Federal Rules of Civil Procedure, a court may set aside an entry of default for good cause or pursuant to Rule 60(b).  Fed. R. Civ. P. 55(c).  The Fourth Circuit has established that district courts should consider the following factors in considering motions to set aside default pursuant to Rule 55(c): "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006).  It has also "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits."  *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

The Court finds that the entry of default should be set aside to permit resolution on the merits.  Enterprise has asserted a potentially meritorious defense to the action in contending that it was not negligent.  Whether it ultimately succeeds can be determined only through continuation of the litigation on the merits.  It acted promptly, obtaining counsel and filing the motion to set aside default within days of receiving the entry of default and an associated demand letter.  The failure to respond was the result of a clerical error, not any intentional dilatory action by Enterprise, and there is no evidence of any history of dilatory action.  The Court further finds no prejudice to the Plaintiff.  The Plaintiff argued only that she has been prejudiced by the Defendants' refusal to accept her claim pre-suit.  She did not put forth any facts supporting a finding of prejudice related to the Defendants' failure to timely respond to the suit or the delay attributable thereto.  Less drastic sanctions would be available if requested and warranted.  Resolution on the merits is

3

strongly favored, and the Court can identify no factors that would weigh against permitting resolution on the merits in this case.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendants' Motion to Set Aside Entry of Default and for Leave to Answer Complaint* (Document 10) be **GRANTED**. The Court further **ORDERS** that the Clerk's *Entry of Default 55(a)* (Document 8) be **SET ASIDE**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: November 5, 2021

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA